** PART I **
RE: REQUEST FOR ATTORNEY GENERAL OPINIONS; MAY A CITY COUNCIL PERSON SERVE ON THE OKLAHOMA TURNPIKE AUTHORITY; WOULD THIS BE CONSIDERED A CONFLICT OF INTEREST; MAY A LOCAL, ELECTED GOVERNMENT OFFICIAL WHO IS CONCURRENTLY SERVING ON A STATE BOARD, AUTHORITY OR PUBLIC TRUST VOTE AS A MEMBER OF THAT LOCAL GOVERNING BODY ON A MATTER INVOLVING A CONTRACT WITH THE STATE BOARD, AUTHORITY OR TRUST ON WHICH HE OR WOULD THIS BE A CONFLICT OF INTEREST?
THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR QUESTIONS IN THE ABOVE-REFERENCED MATTER. BOTH OF YOUR REQUESTS WERE RECEIVED WITHIN A FEW DAYS OF EACH OTHER AND ARE CLOSELY RELATED. AFTER REVIEWING THESE QUESTIONS AND THE CLEARLY APPLICABLE LAW, AND AFTER SPEAKING WITH BOTH OF YOU, IT APPEARS THAT THE ISSUANCE OF A FORMAL OPINION IS UNNECESSARY. HOPEFULLY, THIS INFORMAL OPINION WILL BE OF SOME ASSISTANCE TO BOTH OF YOU.
BY WAY OF INTRODUCTION, I MUST NOTE THAT YOUR QUESTIONS IMPLICATE NOT ONLY CONFLICT OF INTEREST ISSUES, BUT ALSO DUAL OFFICE HOLDING ISSUES. FOR THAT REASON, THE ENSUING DISCUSSION WILL INCLUDE BOTH TOPICS.
DUAL OFFICE HOLDING AND EXCEPTIONS TO THE GENERAL
DUAL OFFICE HOLDING PROHIBITION
IN OKLAHOMA, THE GENERAL PROHIBITION AGAINST DUAL OFFICE HOLDING IS LOCATED AT 51 O.S. 6 (1990) WHICH STATES IN RELEVANT PART IN PARAGRAPH (A) AS FOLLOWS:
 "EXCEPT AS MAY BE OTHERWISE PROVIDED, NO PERSON HOLDING AN OFFICE UNDER THE LAWS OF THE STATE AND NO DEPUTY OF ANY OFFICER SO HOLDING ANY OFFICE, SHALL, DURING HIS TERM OF OFFICE, HOLD ANY OTHER OFFICE OR BE THE DEPUTY OF ANY OFFICER HOLDING ANY OFFICE, UNDER THE LAWS OF THE STATE."
QUITE SIMPLY, THE FOREGOING STATUTORY LANGUAGE PROHIBITS ANY PERSON FROM ATTEMPTING TO SIMULTANEOUSLY HOLD TWO "OFFICES" CREATED PURSUANT TO STATE LAW. THIS OFFICE HAS CONSISTENTLY RULED THAT THE LANGUAGE OF THIS SECTION CONSTITUTES AN EXPRESS PROHIBITION ON DUAL OFFICE HOLDING EXCEPT AS MAY OTHERWISE BE PROVIDED BY LAW AND APPLIES EQUALLY TO ALL PUBLIC OFFICERS. SEE A.G. OPIN. NOS. 80-007 AND 77-179. ("PUBLIC OFFICES")
AS TO THE FIRST QUESTION REFERENCED ABOVE, THE DISPOSITIVE ISSUES ARE WHETHER THE POSITIONS OF CITY COUNCIL PERSON AND MEMBER OF THE OKLAHOMA TURNPIKE AUTHORITY ARE OFFICES UNDER THE LAWS OF THE STATE, AND, IF SO, WHETHER THERE ARE ANY EXCEPTIONS WHICH WOULD PERMIT DUAL OFFICE HOLDING IN THIS CIRCUMSTANCE. SEE A.G. OPIN. NO. 86-065 AND A.G. OPIN. NO. 85-058. THE OKLAHOMA SUPREME COURT HAS PROVIDED THE PRIMARY GUIDANCE IN DETERMINING WHAT CONSTITUTES A "PUBLIC OFFICE". IN OKLAHOMA CITY V. CENTURY INDEMNITY CO., 62 P.2D 94, 97 (OKLA. 1936), THE COURT LISTED THE FOLLOWING AS INDICIA OF A PUBLIC OFFICE:
 (A) THE SPECIFIC POSITION MUST BE CREATED OR AUTHORIZED BY LAW;
 (B) THERE MUST BE CERTAIN DEFINITE DUTIES IMPOSED BY LAW ON THE INCUMBENT; AND
 (C) THEY MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER . . . SEE ALSO A.G. OPIN. NO. 83-158
UTILIZING THE FOREGOING FACTORS, PRIOR ATTORNEY GENERAL OPINIONS HAVE CLEARLY STATED THAT BOTH A CITY COUNCIL PERSON AND A MEMBER OF THE OKLAHOMA TURNPIKE AUTHORITY ARE "PUBLIC OFFICERS" HOLDING OFFICES UNDER THE LAWS OF THE STATE AS THAT PHRASE IS CONTEMPLATED BY 51 O.S. 6. IN A.G. OPIN. NO. 81-042, THE ATTORNEY GENERAL OPINED: "LIKEWISE, CITY COUNCILMEN ARE CONSIDERED PUBLIC OFFICERS UNDER THE LAWS OF THE STATE OF OKLAHOMA. CITY COUNCILMEN ARE ELECTED PUBLIC OFFICIALS WITH A WIDE RANGE OF DUTIES WHICH MAKES IT APPARENT THAT SUCH COUNCILMEN ARE INVESTED WITH A CERTAIN PORTION OF THE SOVEREIGN FUNCTIONS OF GOVERNMENT TO BE EXERCISED FOR THE BENEFIT OF THE PUBLIC."
IN A.G. OPIN. NO. 85-058, THE ATTORNEY GENERAL DISCUSSED AT LENGTH THE STATUTORY UNDERPINNINGS OF THE OKLAHOMA TURNPIKE AUTHORITY AND FOUND THAT A REVIEW OF THE STATUTES SETTING FORTH THE POWERS AND DUTIES OF THE AUTHORITY CLEARLY INDICATED THAT THOSE DUTIES INVOLVE SOVEREIGN FUNCTIONS, INCLUDING THE POWER TO ADOPT RULES AND REGULATIONS AND COLLECT AND PLEDGE REVENUES. IN CONCLUSION, THE ATTORNEY GENERAL OPINED THAT "IN ACCORDANCE WITH THE CRITERIA ESTABLISHED IN OKLAHOMA CITY V. CENTURY INDEMNITY CO., SUPRA, A MEMBER OF THE AUTHORITY HOLDS A PUBLIC OFFICE."
THE THIRD QUESTION REFERENCED ABOVE RAISED A MORE GENERAL SCENARIO INVOLVING A "LOCAL, ELECTED GOVERNMENT OFFICIAL" WHO CONCURRENTLY SERVES ON A "STATE BOARD, AUTHORITY OR PUBLIC TRUST." AN ANALYSIS SUCH AS THE ONE EMPLOYED BY THE ATTORNEY GENERAL IN A.G. OPIN. NO. 85-058, SUPRA, UTILIZING THE ELEMENTS ENUNCIATED IN OKLAHOMA CITY V. CENTURY INDEMNITY CO., SUPRA, WOULD BE NECESSARY TO RESOLVE SUCH DUAL OFFICE HOLDING QUESTIONS AND WOULD, OF COURSE, DEPEND ON WHICH "LOCAL, ELECTED GOVERNMENT OFFICIAL" WAS SERVING ON WHICH PARTICULAR "STATE BOARD, AUTHORITY OR PUBLIC TRUST" IN A GIVEN SITUATION.
THERE IS LITTLE DOUBT THAT SECTION 6 PRECLUDES AN INDIVIDUAL FROM HOLDING TWO OR MORE OFFICES SIMULTANEOUSLY UNDER THE LAWS OF THE STATE. HOWEVER, THIS IS NOT AN ABSOLUTE PROHIBITION AS IT IS PREFACED WITH THE EXCEPTION "EXCEPT AS MAY BE OTHERWISE PROVIDED. . . ." IT THEN GOES ON TO LIST A PANOPLY OF EXCEPTIONS TO THE GENERAL PROHIBITION. TWO OF THESE EXCEPTIONS HAVE GENERAL APPLICABILITY TO YOUR QUESTIONS. THEY PROVIDE:
 "5. ANY PERSON HOLDING A COUNTY OR MUNICIPAL OFFICE OR POSITION, OR MEMBERSHIP ON ANY PUBLIC TRUST AUTHORITY, WHO IS APPOINTED TO A BOARD OR COMMISSION THAT RELATES TO FEDERAL, STATE, COUNTY OR MUNICIPAL GOVERNMENT AND IS CREATED BY THE UNITED STATES GOVERNMENT, THE STATE OF OKLAHOMA OR A POLITICAL SUBDIVISION OF THE STATE, EXCEPT WHERE THE DUTIES OF THE OFFICES OR POSITIONS CONFLICT;
 6. ANY ELECTED MUNICIPAL OFFICERS AND SCHOOL BOARD MEMBERS WHO ARE APPOINTED TO A STATE BOARD, COMMISSION, OR SIMILAR ENTITY IF THERE IS NO COMPENSATION FOR SUCH SERVICES OTHER THAN REIMBURSEMENT FOR NECESSARY TRAVEL EXPENSES PURSUANT TO THE PROVISIONS OF THE STATE TRAVEL REIMBURSEMENT ACT, 74 O.S. 500.1 ET SEQ. OF TITLE 74 OF THE OKLAHOMA STATUTES;
IT WOULD APPEAR THAT THE EXCEPTION FOUND IN SUBSECTION (A)(5) WOULD PROVIDE A PROPER EXCEPTION TO THE DUAL OFFICE HOLDING DILEMMA PRESENTED BY YOUR QUESTIONS. BUT, ONE MUST ALSO CONSIDER THE LANGUAGE FOUND AT THE END OF THAT SUBSECTION WHICH PROVIDES AN EXCEPTION WITHIN AN EXCEPTION BY STATING ". . . EXCEPT WHERE THE DUTIES OF THE OFFICES OR POSITIONS CONFLICT." WHETHER THE DUTIES OF THE OFFICES OR POSITIONS CONFLICT IS A QUESTION OF FACT WHICH CANNOT BE ANSWERED AS A MATTER OF LAW ALONE. A. G. OPIN. NO. 83-105. HOWEVER, WHERE THE DUTIES OF A CITY COUNCIL PERSON AND A MEMBER OF THE TURNPIKE AUTHORITY DO NOT CONFLICT, IT IS QUITE CLEAR THAT A PERSON SIMULTANEOUSLY HOLDING SUCH OFFICES WOULD NOT BE IN VIOLATION OF OKLAHOMA'S GENERAL DUAL OFFICE HOLDING PROHIBITION BY VIRTUE OF THE EXCEPTION FOUND IN 51 O.S. 6(A)(5) (1990).
LIKEWISE, SUBSECTION (A)(6), SUPRA, ALSO PROVIDES A PROPER EXCEPTION TO ANY DUAL OFFICE HOLDING PROBLEMS RAISED BY YOUR QUESTIONS IF ITS FACTUAL PREREQUISITIES ARE MET. IT EXPRESSLY AUTHORIZES AN ELECTED MUNICIPAL OFFICER, SUCH AS A DULY ELECTED CITY COUNCIL PERSON, TO BE APPOINTED TO A STATE BOARD OR SIMILAR ENTITY IF THERE IS NO COMPENSATION OTHER THAN TRAVEL EXPENSE REIMBURSEMENT.